NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAQUINT HENRY LEE CHERRY, | No. 24-7121 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00294-DWL |
| v. | MEMORANDUM* |
| PAUL PENZONE, AKA Paul Pensone; KATIE HOBBS; MARICOPA COUNTY SHERIFF'S OFFICE; COUNTY OF MARICOPA; CITY OF PHOENIX; STATE OF ARIZONA; Unknown DAVISON, Officer at LBJ; UNKNOWN PARTY, Named as Unknown MCSO Officer; named as Rose, physc associate at 4th Ave: named as Nurse Dee, Nurse at 4th Ave: named as: John Doe 1-7; UNKNOWN PARTIES, named as Sergeant John Doe 1-4; Unknown JACOBSON, Officer at 4th Ave; Unknown DEVINE, Named as Sergeant Divine; REDFERN, Sergeant; RYAN THORNELL, Director of the Arizona Department of Corrections, Rehabilitation, Named as AZDOCRR Director Thornell, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Dominic Lanza, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Arizona state prisoner Laquint Henry Lee Cherry appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force claims arising from his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment for defendants Devine and Redfern because Cherry failed to exhaust his administrative remedies or raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Ross v. Blake*, 578 U.S. 632, 638, 643-44 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit and describing limited circumstances under which administrative remedies are effectively unavailable).

We reject as unsupported by the record Cherry's contention that defense counsel engaged in misconduct.

We do not consider arguments and allegations raised for the first time on

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Cherry's motion (Docket Entry No. 47) for leave to file an untimely reply brief is granted.  The clerk will file the reply brief at Docket Entry No. 47.

All other pending motions and requests are denied.

**AFFIRMED.**